UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NUMBER: 05-11401-MLW

SENECA INSURANCE COMPANY
As Subrogee of Surfside Condominium
Association,

        Plaintiff,

v.

BROAN-NUTONE LLC,

        Defendant.

## AMENDED ANSWER OF BROAN-NUTONE LLC
## TO PLAINTIFF'S COMPLAINT

Defendant Broan-NuTone LLC ("Broan") responds to Plaintiff's Complaint by corresponding numbered paragraphs as follows:

1. Broan lacks sufficient information to admit or to deny the allegations in this paragraph.

2. Broan lacks sufficient information to admit or to deny the allegations in this paragraph.

3. Admitted.

4. Broan denies the allegations in this paragraph, but admits only that it does manufacture, among other things, bathroom exhaust fans.

5. Broan admits only that it manufactured and distributed exhaust fans for sale in New York. Broan denies remaining allegations in this paragraph.

6. Broan lacks sufficient information to admit or to deny the allegations in this paragraph.

7. Broan admits only that it has manufactured and distributed an exhaust fan, Model No. 657. Broan denies the remaining allegations in this paragraph.

8. Broan lacks sufficient information to admit or to deny the allegations in this paragraph.

9. Broan lacks sufficient information to admit or to deny the allegations in this paragraph.

10. Broan lacks sufficient information to admit or to deny the allegations in this paragraph.

11. Broan lacks sufficient information to admit or to deny the allegations in this paragraph.

12. Broan lacks sufficient information to admit or to deny the allegations in this paragraph.

13. Broan lacks sufficient information to admit or to deny the allegations in this paragraph.

14. Broan lacks sufficient information to admit or to deny the allegations in this paragraph.

15. Broan lacks sufficient information to admit or to deny the allegations in this paragraph.

16. Broan lacks sufficient information to admit or to deny the allegations in this paragraph.

17. Broan lacks sufficient information to admit or to deny the allegations in this paragraph.

18. Broan lacks sufficient information to admit or to deny the allegations in this paragraph.

### FIRST CAUSE OF ACTION

19. Broan restates its responses to paragraphs 1 through 18 as if fully set forth herein.

20. Broan lacks sufficient information to admit or to deny the allegations in this paragraph.

21. Denied.

22. Broan lacks sufficient information to admit or to deny the allegations in this paragraph.

23. Denied.

### SECOND CAUSE OF ACTION

24. Broan restates its responses to paragraphs 1 through 23 as if fully set forth herein.

25. Denied.

26. Denied.

27. Denied.

28. Denied. Broan further states that it made no false warranties concerning its exhaust fan, Model No. 657.

29. Broan lacks sufficient information to admit or to deny the allegations in this paragraph.

30. Denied.

31. Denied.

32. Denied.

### THIRD CAUSE OF ACTION

33. Broan restates its responses to paragraphs 1 through 32 as if fully set forth herein.

34. Denied.

35. Denied. And further answering, Broan moves to dismiss any claims by the plaintiff under a theory of strict liability as Massachusetts does not recognize strict liability as a cognizable cause of action.

36. Denied.

37. Denied.

38. Denied. And further answering, Broan denies that its product was defective or that it caused or contributed to the fire on July 15, 2003.

39. Denied.

40. Denied.

41. Denied.

And further answering, Broan denies that the plaintiff is entitled to the relief sought in the unnumbered concluding paragraph following Count III.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The injuries of the plaintiffs and/or their insureds were caused by the negligence of one or more of the plaintiffs and/or insureds. Wherefore, their recovery is barred or subject to reduction.

## SECOND DEFENSE

The injuries alleged by the plaintiffs and/or their insureds were caused by the intervening acts of others which were not reasonably foreseeable to Broan at the time of sale of the "exhaust fan" alleged by plaintiffs to be the cause of the fire and which are the sole proximate cause of plaintiffs' injuries.

## THIRD DEFENSE

The plaintiffs and/or their insureds unreasonably used a product known to be in a defective and dangerous condition. Wherefore, plaintiffs' recovery is barred.

## FOURTH DEFENSE

The plaintiffs are barred from recovery because Broan was not provided with adequate notice of the alleged breach of warranty and was prejudiced by the lack of timely notice.

## FIFTH DEFENSE

The plaintiffs and/or their insureds are barred from recovery because they spoliated, or permitted the spoliation of evidence.

## SIXTH DEFENSE

Broan contends, without admitting any liability whatsoever, that any alleged acts or omissions on its part were superseded by the acts of omissions of others, including those of Plaintiffs, all of which were independent, intervening and superseding causes of any alleged injury, damage or loss to Plaintiffs.

## SEVENTH DEFENSE

As to plaintiffs' strict liability claims, Broan states that the plaintiffs have failed to state legally sufficient claims upon which relief can be granted because Massachusetts

does not recognize strict liability as a cognizable cause of action. Broan, therefore, moves pursuant to Fed. R. Civ. P. 12 (b) (6) and requests that this Court dismiss Plaintiffs' Third Cause of Action with prejudice and award Broan its costs and reasonable attorney's fees.

## JURY DEMAND

Broan-NuTone LLC hereby demands a trial by jury on all claims so triable.

Respectfully submitted,
BROAN-NUTONE LLC,
By its attorneys,

/s/ Christopher A. Duggan
Christopher A. Duggan
BBO No. 544150
SMITH & DUGGAN LLP
Lincoln North
55 Old Bedford Road
Lincoln, MA 01773-1125
(617) 228-4400

Dated: August 19, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on this day I served by first class mail, postage prepaid, the documents listed below upon all parties as set forth below on this the 19 day of August, 2005.

Document Served:
AMENDED ANSWER OF BROAN-NUTONE LLC TO PLAINTIFF'S COMPLAINT

Served:
Michael S. Field, Esq.
Field & Schultz
183 State Street
Boston, MA 02109

/s/ Christopher A. Duggan
Christopher A. Duggan
BBO No. 544150

6