UNITED STATES DISTRICT COURT
COMMONWEALTH OF MASSACHUSETTS

C.A. NUMBER: 05-11401-MLW

|  |  |
|---|---|
| SENECA INSURANCE COMPANY<br>As Subrogee of Surfside Condominium<br>Association,<br><div align="center">Plaintiff,</div><br>v.<br><br>BROAN-NUTONE LLC,<br><br><div align="center">Defendant.</div> | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## SECOND ASSENTED TO MOTION TO EXTEND SCHEDULING ORDER DEADLINES

Now comes the Plaintiff in the above captioned matter, Seneca Insurance

Company, with the assent of Broan-NuTone, LLC ("Broan") and moves this Honorable

Court for an order extending the scheduling order deadlines applicable to this matter

ninety days (90) days.  The Plaintiff further requests that it be given until December 29,

2006 to move to amend its pleadings to add additional defendants.  The Plaintiff states

that it has good cause for such requests, and assigns as its reasons therefor the following;

1.      This case is the result of a fire which occurred on or about December 15,

2003 at 585 Main Street, Yarmouth, Massachusetts (the "Premises").[1]

2.      The Plaintiff has brought claims against the Defendant Broan, a

manufacturer of ceiling fan/light fixtures, alleging among other things that a ceiling

---

[1] The Premises consists of two condominium units, unit 1, which at the time of the fire was owned by the
Vigeant Family Living Trust, and unit 2, which at the time of the fire was owned by the Murzic Family
Nominee Trust.  The Plaintiff's insurance policy on the Premises named the "Surfside Condominium
Association" as the insured, but included both the Vigeant Family Living Trust and the Murzic Family
Nominee Trust as additional insureds.

fan/light fixture manufactured and sold by Broan (the "fan unit") located in Unit 1 of the Premises caused the fire at issue in this case.  Broan denies this allegation.

3.      On June 23, 2006, this Honorable Court allowed an assented to motion to extend the scheduling order deadlines applicable to this matter.  (See Assented to Motion to Extend Scheduling Order Deadlines and Affidavit of Counsel submitted therewith).

4.      In a nutshell, at that time, an extension was requested in order to obtain discovery from a former tenant of the Premises, Candle Corporation of America a/k/a Colonial Candle Company ("CCA"), who it was then believed to be responsible for the remodeling of Unit 1 of the Premises in or about 1996 or 1997, which remodeling the Plaintiff believed included the installation of the fan unit which is the subject of the litigation.  The purpose of such discovery was to determine the person(s) responsible for the installation of the fan unit and related issues.

5.      Since the extension was granted, the Plaintiff's counsel and Defendant's counsel agreed on the form of a subpoena to be served on CCA and the date for the deposition.  Plaintiff's counsel then arranged for service of the subpoena for documents and testimony on CCA, pursuant to Fed.R.Civ.P. 30(b)(6) at its principal office in Des Plaines, Illinois, and arranged for the place of the taking of the deposition in Oakbrook, Illinois for August 7.  (See Affidavit of Counsel).

6.      However, when the Plaintiff's process server attempted to serve CCA at its principle office in Des Plaines, no one would accept service, nor identify anyone there as being a person in charge of CCA's business who could qualify to accept service.  (See Affidavit of Counsel).

7.     On July 27, the Plaintiff's counsel's process server served the subpoena on CCA's resident agent, CT Corporation System, 208 So. LaSalle Street, #814, Chicago, Il 60604, together with correspondence from Plaintiff's counsel to CCA's Chief Executive Officer stating the reasons for the service of the subpoena, the place where the deposition was scheduled, and if the place of the deposition was inconvenient for CCA, to have a representative of CCA call his office to arrange for a more convenient location.  (See Affidavit of Counsel).

8.     After not hearing from CCA regarding the scheduled deposition and unsure whether anyone from CCA would appear for the deposition scheduled in Illinois, Plaintiff's counsel contacted the office of CCA's President, Stephen Kosmalski, on August 1.  An administrative assistant from CCA's President's office informed Plaintiff's counsel that the general counsel of CCA's corporate parent, Blyth Industries ("Blyth"), in Greenwich, Connecticut responds to any subpoena request on CCA. (See Affidavit of Counsel).

9.     That same day, Plaintiff's counsel contacted Michael Novins, Esquire, the Vice President, General Counsel and Secretary of Blyth, to discuss the subpoena, the scheduled deposition in Illinois, and the need to conduct the deposition due to the pending discovery deadline.  Plaintiff's counsel confirmed his conversation with Attorney Novins by correspondence dated August 1, 2006.  (See Affidavit of Counsel).

10.     By correspondence dated August 2, Attorney Novins confirmed receipt of the subpoena and that Blyth was the corporate parent of CCA.   Attorney Novins also confirmed that "any documentation which may be available regarding the [Seneca Insurance Co. v. Broan-Nutone, LLC] matter will be produced by [his] office located in

Greenwich, Connecticut", and agreed to reschedule the deposition to a mutually agreeable place and time, "not later than August 11" . (See Affidavit of Counsel).

11.    Because of Blyth's contention that the individual who had the most direct knowledge in connection with the Plaintiff's 30(b)(6) requests was located in Greenwich, Connecticut, counsel agreed that a deposition in Illinois would not be necessary. (See Affidavit of Counsel).

12.    The following week, Plaintiff's counsel received a phone call from Attorney James P. Ponsetto of the Law Office of Greenberg Traurig ("CCA counsel") who confirmed that his office was representing CCA in connection with the subpoena. CCA counsel represented that he had been actively arranging for documents responsive to the subpoena to be located at various facilities where his client may have stored such documents around the United States, and was attempting to locate additional individuals who could respond to the areas of inquiry set out in Plaintiff's Fed.R.Civ.P. 30(b)(6) subpoena. Accordingly, CCA counsel requested additional time, and discussed the possibility of conducting a deposition in Greenwich, Connecticut on either August 17 and 18. (See Affidavit of Counsel).

13.    On August 9, 2006, CCA counsel sent via facsimile to Plaintiff's counsel a seven (7) page correspondence setting out CCA's objections to the subpoena. (See Affidavit of Counsel).

14.    On or about August 10, 2006, CCA counsel updated Plaintiff's counsel's office that his office continued to attempt to locate documents responsive to Plaintiff's requests and would be able to produce documents the following week. CCA counsel also

stated that he continued to attempt to locate individuals who could offer testimony in response to the areas of inquiry set forth in the subpoena. (See Affidavit of Counsel).

15.    At or about this time, CCA counsel and Plaintiff's counsel's office discussed the possibility of scheduling the deposition in the Boston area as this was more convenient for counsel in the case and obviously less expensive. (See Affidavit of Counsel).

16.    In the late afternoon of August 14, CCA counsel produced 94 documents[2] in response to the Plaintiff's subpoena to CCA. (See Affidavit of Counsel).

17.    Although one document produced by CCA sheds light on the intentions behind CCA's remodeling/"build out", there is no disclosure of who was responsible for the electrical work made during the "build out" and who was responsible for installing the fan unit. (See Affidavit of Counsel).

18.    Additionally, the CCA documents contain certain revelations, of which Plaintiff's counsel was previously unaware, including correspondence between the Landlord of the Premises, The Vigeant Family Living Trust, and CCA just days before the fire occurred regarding CCA's intentions of vacating the Premises, and a "Lease Termination and Settlement Agreement" whereby the Landlord was paid $183,500.00 as a "Lease Termination and Settlement Fee" together with mutual releases.  This document specifically releases CCA from claims by the owner of Unit 1 relating to the fire. (See Affidavit of Counsel).

---

[2] Initially, CCA counsel only produced 92 documents although his correspondence indicated that it included 94 documents.  Upon reviewing the documents, Plaintiff's counsel discovered that two pages (bate stamp numbers 0022 and 0032) were missing from a document entitled "Amended and Restated Lease".  This was brought to CCA counsel's attention on August 15, and on August 16, the two pages were produced.

19.    Plaintiff's counsel has calculated that the amount paid to the landlord was approximately $60,000.00 more than the rent due the landlord for the two years remaining on the lease; inferring that such payment related to fire damage.  In addition, there are documents which suggest the possibility that the insured may have violated the terms of the insurance contract (i.e. releasing the tenant for claims relating to the fire without obtaining the consent of Seneca). (See Affidavit of Counsel).

20.    On August 16, all counsel agreed that the best place for taking the deposition would be in Boston, but because of the deponent's vacation schedule, he cannot be produced until early September.  In addition, CCA's counsel stated that CCA remained in the process of locating possible additional documents (i.e. documents identifying the person(s) responsible for installing the fan, etc.) which CCA's counsel stated might be in a warehouse in Osh Kosh, Wisconsin.  Accordingly, there is a probability that more documents will be produced which should be reviewed prior to the deposition.  (See Affidavit of Counsel).

21.    Accordingly, the Plaintiff needs additional time to conduct discovery to (i) determine the person(s) responsible for installing the fan and related work; and (ii) to determine whether the Complaint should be amended to include additional parties and claims related to the fire and the payment of the insurance proceeds.

WHEREFORE, the Plaintiff respectfully asks that the scheduling order deadlines applicable to this case be each extended by ninety (90) days, and that it be given until December 29, 2006 to amend its pleadings to add additional defendants.

Assented to:
BROAN-NUTONE, LLC                    SENECA INSURANCE COMPANY


By:/s/ *Christoper A. Duggan*          By: /s/ *Michael S. Field*
Christopher A. Duggan, Esq.            Michael S. Field, Esq. – BBO #164600
BBO 544150                             Field & Schultz
SMITH & DUGGAN LLP                     183 State Street, 2nd Floor
2 Center Plaza                         Boston, MA 02109
Boston, MA  02108                      (617) 723-3900
(617) 228-4400


## CERTIFICATE OF SERVICE

I, Michael S. Field, do hereby certify that a true copy of the above document was served upon the attorney of record for each other party via email and first class mail postage prepaid on this 22nd day of August 2006.


/s/ *Michael S. Field*_____
Michael S. Field

UNITED STATES DISTRICT COURT
COMMONWEALTH OF MASSACHUSETTS

C.A. NUMBER: 05-11401-MLW

| | |
|---|---|
| SENECA INSURANCE COMPANY | ) |
| As Subrogee of Surfside Condominium | ) |
| Association, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BROAN-NUTONE LLC, | ) |
| | ) |
| Defendant. | ) |

**AFFIDAVIT IN SUPPORT OF PLAINTIFF'S ASSENTED TO MOTION TO
EXTEND SCHEDULING ORDER DEADLINES**

1. My name is Michael S. Field, I am an attorney for the Plaintiff in this matter, and I am duly admitted to the bar of the Commonwealth of Massachusetts and to this Court. I am in good standing.

2. After receiving the Court's order extending the fact discovery deadline to August 29, 2006, my office conducted the research necessary to issue a subpoena for documents and a deposition upon Candle Corporation of America (CCA) in Des Plaines, Illinois. In accordance with counsels' schedules, and the inconvenience of traveling to Chicago, an August 7th date for the deposition was determined.

3. During the week of July 17, my office retained the services of North Shore Process Service in Chicago, Illinois to serve the subpoena upon CCA (See **Exhibit A**) and made arrangements with HQ Conference Center in Oakbrook, Illinois to reserve office space for the taking of a deposition. My office also contacted Illinois counsel for the purpose of obtaining a court stenographer.

4. The process server informed us on July 21 that although two attempts were made, he was unable to obtain an authorized person to accept service of the subpoena at the CCA office in Des Plaines, Illinois.

5. On July 25, my office forwarded a new subpoena for service upon CCA's registered agent, CT Corporation (See **Exhibit B**), together with a letter to CCA asking a representative to call my office to confirm their availability for the deposition (See **Exhibit C**). My office asked the process server to expedite

service for which we paid an additional sum, and the subpoena was served upon CT Corporation on July 27.

6. I called the office of CCA's president on or about August 1 to determine whether CCA would appear on August 7 as requested in the subpoena, and was told by an administrative assistant that "all legal matters" were administered by CCA's parent Blyth, Inc., whose offices are located in Greenwich, Connecticut.

7. I then called the general counsel's office of Blyth and ascertained the name of such counsel to be Michael Novins; and left word for him to call me as soon as possible. Mr. Novins did call me later on August 1, and told me he would respond to the subpoena request as soon as possible, although he had as yet not seen it. I forwarded by fax and email a letter dated August 1 to Mr. Novins confirming my telephone call (See **Exhibit D**).

8. Mr. Novins forwarded me a letter acknowledging the subpoena, dated August 2 (See **Exhibit E**), and promising he would produce the documents requested "not later than August 11". At or about this time, counsel agreed that an Illinois deposition would not be necessary because it appeared that any individuals who could testify on behalf of CCA in response to Plaintiff's subpoena were located in the Greenwich area.

9. On or about August 7, I received a telephone call from Attorney James Ponsetto of Greenberg Traurig introducing himself as CCA's counsel; and stating that his client was attempting to obtain the subpoenaed documents which may be located at various facilities around the United States.

10. On August 9, Mr. Ponsetto sent a seven page correspondence setting out CCA's objections to the subpoena (See **Exhibit F** – first page of same).

11. On or about August 10, Mr. Ponsetto informed my office of his continuing attempt to locate documents and additional individuals who could offer testimony relating to the areas of inquiry set out in the subpoena. Around this time, counsel discussed the benefit of having the deposition take place in Boston if at all possible, to save expense and time.

12. In the late afternoon on August 14, my office received 94 documents from Mr. Ponsetto's office in response to the subpoena. My office immediately commenced reviewing said documents, and discovered several revelations including a "Lease Termination and Settlement Agreement" (See **Exhibit G** – first page of same) between the Plaintiff's insured and CCA, which purportedly released CCA for claims relating to the fire; together with documents indicating that negotiations to terminate the lease were ongoing just several days before the fire occurred. Although the documents demonstrate that CCA was planning the renovation and had budgeted for same (See **Exhibit H**), the documents do not disclose the names of contractors or persons retained to install the fan unit.

2

13. Since August 14, my office has had several telephone conferences with Mr. Ponsetto and counsel for the Defendant. Mr. Ponsetto has stated that CCA continues to search for additional documents, some of which may be in a warehouse in Osh Kosh, Wisconsin. We also discussed the availability of individuals from CCA who would best be in a position to testify as to the facts surrounding the remodeling and installation of the fan unit.

14. On August 17, in accordance with counsel's schedules, and the time required for CCA to determine whether additional documents are in existence and the availability of a knowledgeable CCA witness *and subject to the Court's allowance of this motion*, counsel have tentatively agreed to conduct the deposition of CCA during September 7, 8 or 9 or 18 to 22nd.

15. The additional time requested in the accompanying motion is necessary to determine the possible responsibility of third parties with respect to damages relating to the fire; and to determine whether the Plaintiff has claims relating to a violation of the insurance contract pursuant to which it seeks recovery in this matter.

Signed under the pains and penalties of perjury this 22nd day of August, 2006.

/s/ *Michael S. Field*
Michael S. Field, Esq. – BBO #164600
Field & Schultz
183 State Street, 2nd Floor
Boston, MA 02109
(617) 723-3900

## CERTIFICATE OF SERVICE

I, Michael S. Field, do hereby certify that a true copy of the above document was served upon the attorney of record for each other party via email and first class mail postage prepaid on this 22nd day of August 2006.

/s/ *Michael S. Field*
Michael S. Field

EXHIBIT A

# FIELD & SCHULTZ.

ATTORNEYS AT LAW
A Sole Proprietorship

183 STATE STREET
BOSTON, MASSACHUSETTS 02109
*Andrew C. Schultz is no longer affiliated with this firm.*

TEL. (617) 723-3900
FAX (617) 723-8995
fieldschultz@earthlink.net

July 19, 2006

VIA FEDEX #: 7910 5607 3068
North Shore Process Service
Attn: Alex
1560 Sherman Ave, Suite 301
Evanston, IL 60201

      Re:    Service of Process on Candle Corporation of America

Dear Alex:

      Confirming your conversations with my office, we ask that you serve the enclosed United States District Court Subpoena with Schedule A and B attached upon the following witness/deponent:

                  Candle Corporation of America
                  999 East Touhy Avenue
                  Des Plaines, IL 60018

      We hope that you can effect service upon an officer of the corporation, or at the very least, a person in management and in charge of the business activities of the company. In addition, we ask that you serve (but no return is necessary) a letter from my office which will accompany the Subpoena; together with a witness fee check in the amount of $40.00 which I have also enclosed.

      We enclose our check in the amount of $100.00 made payable to your firm in full payment of serving this subpoena not later than twenty four hours after its receipt. Accordingly, we anticipate that you will have effected service not later than Friday, July 21. You will kindly forward back to the undersigned your return of service immediately.

      Lastly, we assume you are aware that the federal rules regarding service require that service be effected by a disinterested party who is above the age of 18 years old.

      If you have any further questions concerning this matter, do not hesitate to contact me or Attorney Dean Papadopoulos of this office.

                  Yours truly,

                  MICHAEL S. FIELD

MSF/ag

EXHIBIT B

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

| NORTHERN (Eastern Division) | DISTRICT OF | ILLINOIS |

Seneca Insurance Company
(as subrogee of Surfside Condominium Association)
V.

Broan-Nutone LLC

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  05-11401-MLN
Eastern District of Massachusetts

TO:  Candle Corporation of America a/k/a
Colonial Candle Company
c/o CT Corporation System
208 So. LaSalle Street, #814, Chicago, IL 60604

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| | |
| | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  Tower Floor - Meeting Room - HQ Regency Towers Center  1415 West 22nd Street, Oakbrook, IL 60523 | DATE AND TIME  8/7/2006 11:00 am |

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE SCHEDULE A APPENDED HERETO

| PLACE  Tower Floor - Meeting Room - HQ Regency Towers Center  1415 West 22nd Street, Oakbrook, IL 60523 | DATE AND TIME  8/7/2006 11:00 am |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6). See Schedule B appended hereto.

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  Attorney for Plaintiff Seneca Insurance Company | DATE  7/25/2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Michael S. Field
Field & Schultz, 183 State Street, Boston, MA 02109  (617) 723-3900

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## SCHEDULE A
Documents to be Produced

1. All documents referring or relating to any lease agreement(s), contract(s), or any other agreement between Candle Corporation of America, Colonial Candle Company, Colonial Candle Company of Cape Cod and/or Blythe Industries and/or any person or company affiliated with the aforementioned companies (hereinafter where applicable "the deponent") and the owner of the Premises, from January 1, 1995 to the present.

2. All documents, records, applications, permits, contracts, correspondence, agreements or any other document relating or referring to any construction, renovation, repair, alteration, and/or remodeling of the premises known as and numbered 589 Route 28, West Yarmouth, Massachusetts a/k/a 585 Route 28, West Yarmouth (the "Premises") from January 1, 1995 to the present.

3. All documents referring or relating to the document attached hereto as **Exhibit 1**, which is a copy of a document in the Town of Yarmouth building department records relating to the Premises and appears to evidence a building permit (#708) authorizing "Finish 2nd floor, 7 rooms & 1 conference room. New roof" issued in the name of Colonial Candle.

4. All documents relating or referring to any construction, design and/or build out of the conference room and/or bathrooms at the Premises from January 1, 1995 to the present.

5. All documents referring or relating to any fixtures installed at the Premises, from January 1, 1995 to the present.

6. All documents which evidence any person, company and/or entity responsible for providing maintenance and/or repairs to the Premises, from January 1, 1995 to the present.

7. All documents which evidence the electrician(s) and/or any other person, company or entity which provided electrical services to the Premises, from January 1, 1995 to the present.

8. All records referring or relating to the installation, maintenance, or repair of any bathroom fan/light unit at the Premises, from January 1, 1995 to the present.

9. All documents referring or relating to any maintenance request, recommendation and/or expenditure at the Premises from January 1, 1995 to the present.

10. All correspondence, e-mails, memorandums or other similar documents from January 1, 1995 to the present, between the deponent and any of the following:
    (a)   the owner of the Premises;
    (b)   any agent of the owner of the Premises;
    (c)   any contractor providing materials and/or services to the Premises; or
    (d)   any public, governmental or municipal entity (including the Town of Yarmouth) or agency thereof.

PERMIT 708                          9/25/96
LOT W7-1 &W7-2      P               9/25/96

                              Footing 10/22/96 ✓
Colonial Candle         inside - Frame 10/25/96 ✓
589 Route 28           (Insulation - 11/5/96 w/ painted)
West Yarmouth, MA       office area only

Finish 2nd floor, 7 rooms & 1 conference room.
New roof                              $35,000.00


SHEET 26.

## SCHEDULE B

Matters on which Examination is requested

1.  The arrangement by and under which the deponent operated a business under the firm, style and name of Colonial Candle Company of Cape Cod at the Premises, whether under a written lease or other occupancy agreement or otherwise.

2.  Any and all construction, renovation, repair, alteration and/or remodeling work commenced at the Premises, from January 1, 1995 to the present.

3.  Any and all applications filed, building or other permits obtained and/or any other written or other authorizations to commence any work at the Premises, from January 1, 1995 to the present.

4.  Any and all electrical work performed at the Premises from January 1, 1995 to the Present.

5.  The identity of any and all persons, companies and entities providing electrical services or furnishing electrical materials to the Premises from January 1, 1995 to the present.

6.  The persons responsible for a certain "build-out" to the second floor conference room and bathroom areas at the Premises in or about 1996 or 1997.

7.  The identity of any and all persons, companies and entities responsible for providing maintenance to the Premises from January 1, 1995 to the present.

8.  All maters relating to the installation of any and all bathroom fan/light fixtures at the Premises.

9.  The relationship between Candle Corporation of America, Colonial Candle Company of Cape Cod, Colonial Candle and/or Blythe Industries.

10. Any matters disclosed in the documents requested in Schedule A above.

EXHIBIT C

# FIELD & SCHULTZ.

### ATTORNEYS AT LAW
A Sole Proprietorship

183 STATE STREET
BOSTON, MASSACHUSETTS 02109
*Andrew C. Schultz is no longer affiliated with this firm.*

TEL. (617) 723-3900
FAX (617) 723-8995
fieldschultz@earthlink.net

July 25, 2006

Chief Executive Officer
Candle Corporation of America
999 East Touhy Avenue
Des Plaines, IL 60018

Dear Sir or Madam:

With this letter your company is being subpoenaed to produce certain documents and give oral testimony at a deposition regarding a civil lawsuit pending in Massachusetts.

Briefly, we are seeking documents and information concerning the tenancy or occupancy of Colonial Candle Company at 585 Route 28, West Yarmouth, Massachusetts during the period of January 1, 1995 to the present.

The lawsuit relates to damages sustained by the owner of the building caused by a fire which took place on or about December 15, 2003. The lawsuit alleges that the cause of the fire was a bathroom fan manufactured by the Defendant.

We have set the place of document production and deposition at a conference center in Oakbrook, Illinois. It may be more convenient to have the production and deposition at your offices where the documents may be filed. If for any reason the conference center in Oakbrook is inconvenient, please have a representative of your company or your counsel contact me or Dean Papadopoulos, Esq. of this office well in advance of August 7; so that we can make arrangements for another location convenient to you.

Thank you for your anticipated cooperation, and don't hesitate to contact us with any questions you may have.

Yours truly,

MICHAEL S. FIELD

cc:     Christopher Duggan, Esq.

EXHIBIT D

# FIELD & SCHULTZ

ATTORNEYS AT LAW
A Sole Proprietorship

183 STATE STREET
BOSTON, MASSACHUSETTS 02109
*Andrew C. Schultz is no longer affiliated with this firm.

TEL. (617) 723-3900
FAX (617) 723-8995
fieldschultz@earthlink.net

August 1, 2006

VIA FAX: (203)552-9168 and EMAIL: mnovins@blyth.com
Michael Novins, Esquire
General Counsel, Blyth Industries
1 East Weaver Street
Greenwich, CT

> Re:  *Seneca Insurance Co. v. Broan-Nutone, LLC*
> U.S. District Court (MA) 1:05-cv-11401

Dear Mr. Novins:

Confirming our telephone conversation of a few moments ago, we served upon Candle Corporation of America a/k/a Colonial Candle Company through their resident agent CT Corporation System, a subpoena for (1) the production of documents and (2) the taking of deposition testimony of an individual with knowledge of the matters referred to in Schedule B of the subpoena, pursuant to Fed.R.Civ.P. Rule 30(b)(6). The date of service was July 27, 2006, and the subpoena calls for the production of documents and deposition testimony for 11:00 a.m. August 7 at the HQ Regency Towers Center in Oakbrook, IL.

Blyth Industries is apparently the parent of Candle Corporation of America (CCA), and we were informed by the office of CCA's President (Stephen Kosmalski) by telephone today that your office would respond to any subpoena request.

For obvious reasons, if CCA does not intend to appear in accordance with the subpoena on August 7 in Oakbrook, IL, counsel for the Plaintiff and Defendant do not wish to make travel arrangements and incur expense to appear in Illinois. If the documents we seek are located at your offices in Connecticut, and if you will produce an "officer, director or managing agent or other person who consent to testify on CCA's behalf", we will suspend the production of documents and taking of the deposition from August 7 in Oakbrook, to a place and time convenient for you; with the understanding that the document production and deposition must be completed not later than August 11. Unfortunately, we are under a discovery deadline order of August 29, and we must have the information subpoenaed as soon as possible.

FIELD & SCHULTZ
Michael Novins, Esquire
General Counsel, Blyth Industries
August 1, 2006
Page 2

 Please send me a letter confirming that Blyth Industries is the parent of CCA, that you have received the subpoena, that the information requested pursuant thereto cannot be produced in Oakbrook, Illinois; but will be produced by your office on or before August 11; and that on behalf of CCA you have consented to a postponement of the production request and deposition until a date mutually agreed to but not later than August 11.

 I shall appreciate receiving your letter in accordance with this request not later than tomorrow, Wednesday, August 2, so that I may release the conference room and stenographer and not secure travel arrangements. If I do not receive your consent, we must go forward with the production and deposition as designated in the subpoena.

 If you wish to discuss this matter, please call me or my colleague Dean Papadopoulos, Esq. Thank you for your cooperation.

Yours truly,

MICHAEL S. FIELD

MSF/ag

cc: Christopher Duggan, Esq.
  Counsel for Defendant Broan-Nutone, LLC
  Chris.Duggan@SmithDuggan.com

EXHIBIT E

Blyth, Inc.
1 East Weaver Street
Greenwich, CT 06831-5118

Tel  (203) 661-1926
Fax (203) 661-1969
www.blyth.com

**Via Fax and Email**

August 2, 2006



Michael S. Field, Esq.
Field & Schultz
183 State Street
Boston, MA  02109

Re:    **Seneca Insurance Co. v. Broane-Nutone, LLC**

Dear Mr. Field:

Pursuant to our telephone conversation of August 1, 2006 and your letter of the same date, I confirm that I have received your subpoena in the above referenced matter, and that Blyth, Inc. is the parent corporation of Candle Corporation of America.

I also confirm that any documentation which may be available regarding the above referenced matter will be produced by our office located in Greenwich, Connecticut. In the interest of conserving time and expense, I consent to a postponement of the original production request and deposition and will work with your office to arrange a mutually agreeable place and time to fulfill the production request, to be completed not later than August 11.

We are in the process of retrieving the documents which correspond to your production request, some of which may be offsite, and should have this completed by the end of the week. The individual who has the most direct knowledge in regard to the requested information is located in Greenwich. Therefore, as discussed, kindly cancel the deposition scheduled to be conducted on August 7, 2006 in Oakbrook, Illinois. If after you receive the documents and review them you would still like to meet with someone to conduct a deposition, please let me know.

Very truly yours,

Michael Novins
Vice President, General Counsel & Secretary
Blyth, Inc.

CC:    Christopher Duggan, Esq.
       Counsel for Defendant Broan-Nutone, LLC

EXHIBIT F

# Greenberg Traurig

James P. Ponsetto
Tel. (617) 310-6073
Fax (617) 310-6001
PonsettoJ@gtlaw.com

August 9, 2006

## VIA FAX and HAND DELIVERY

Michael S. Field, Esq.
Field & Schultz
183 State Street
Boston, Massachusetts 02109

      **Re:**   **Seneca Insurance Company v. Broan Nutone LL**

Dear Attorney Field:

      Please be advised that I am in receipt of a subpoena dated July 25, 2006 which you served upon our client, Candle Company of America ("CCA"), on or about July 27, 2006 in connection with the above matter. Please accept this letter as written response and objection to your client's request to (a) inspect or copy the documents designated in **Schedule "A"** of the subpoena and (b) question CCA's designee(s) concerning the topics set forth in **Schedule "B"** of the subpoena.

      Subject to our objections, we are willing to work with you to provide non-privileged, responsive documents which are in CCA's possession, custody and control and to designate one or more representatives to testify in the Greenwich, Connecticut area on a mutually agreeable date this month on those topics where the information is known or reasonably available to CCA. As we have pointed out, we have availability on August 17 and 18, 2006.

### Schedule "A"
### (Documents Requested)

#### Document Request No. 1

      CCA objects to the request to the extent that it is overbroad, vague, unduly burdensome and not reasonably calculated to the lead to the discovery of admissible evidence. CCA further objects because the request seeks documents generated more than 10 years ago. Without waiving these objections, CCA will produce any non-privileged, responsive documents which are in its possession, custody or control relating specifically to CCA's lease arrangements at 585 Main Street, W. Yarmouth, MA (the "Leased Premises"), and generated during the referenced time period.

#### Document Request No. 2

ALBANY

AMSTERDAM

ATLANTA

BOCA RATON

BOSTON

CHICAGO

DALLAS

DELAWARE

DENVER

FORT LAUDERDALE

HOUSTON

LAS VEGAS

LOS ANGELES

MIAMI

MILAN*

NEW JERSEY

NEW YORK

ORANGE COUNTY, CA

ORLANDO

PHILADELPHIA

PHOENIX

ROME*

SILICON VALLEY

TALLAHASSEE

TOKYO*

TYSONS CORNER

WASHINGTON, D.C.

WEST PALM BEACH

ZURICH

*Strategic Alliances
Trilegal Office/Strategic Alliance

Greenberg Traurig, LLP I Attorneys at Law I One International Place I Boston, MA 02110 I Tel 617.310.6000 I Fax 617.310.6001

www.gtlaw.com

EXHIBIT G

## LEASE TERMINATION AND SETTLEMENT AGREEMENT

THIS LEASE TERMINATION AND SETTLEMENT AGREEMENT (this "Agreement") is dated as of April 30, 2004 (the "Effective Date") by and between Richard C. Vigeant and Lynn E. Vigeant, Trustees of the Vigeant Family Living Trust u/d/t dated September 11, 2000 registered with the Barnstable County Registry District of the Land Court as Document No. 856327 (the "Landlord") and Candle Corporation of America ("Tenant"). Landlord and Tenant are sometimes individually referred to herein as a "Party" and collectively referred to herein as the "Parties".

### RECITALS

A.      Tenant, entered into a certain Amended and Restated Lease dated February 2, 2001 (the "Lease"), pursuant to which Tenant leases from Landlord certain premises (the "Leased Premises") located at 585 Main Street, Yarmouth, Massachusetts, also known as "The Surfside Condominium" (the "Project").

B.      Landlord is the successor in interest to the landlord identified in the Lease, Dominick J. Albano, Jr., Trustee of Albano Realty Trust, by virtue of that certain Quitclaim Deed dated January 3, 2002 registered with the Barnstable County Registry District of the Land Court as Document No. 856328, attached hereto as Exhibit A.

C.      The parties acknowledge that a portion of the Leased Premises and the common area and elements of the Project has sustained certain damage as a result of a fire (the "Casualty"). After discussions and negotiations, the Parties desire to resolve and settle any and all disputes, liabilities, obligations and claims one may have against the other relating to or arising from the Casualty.

D.      The Term of the Lease is currently scheduled to expire on January 31, 2006. The Parties desire to accelerate the termination of the obligations, liabilities and benefits of the Lease, which termination shall occur as of April 30, 2004.

E.      Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Lease.

F.      The Parties desire to terminate the Lease effective as of the Termination Date (as defined in Section 1 below) and settle all obligations and claims related to the Casualty upon the terms and conditions set forth herein.

### AGREEMENT

NOW THEREFORE, for Ten Dollars ($10.00) and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Landlord and Tenant hereby agree as follows:

1.      Termination Date. Subject to full satisfaction of the conditions set forth in Section 2 below, the Term of the Lease is amended to expire at 11:59 p.m. eastern standard time on April 30, 2004 (the "Termination Date"). As of the Termination Date, Landlord and Tenant shall have no thereafter accruing obligations, liabilities or benefits under the Lease. Tenant shall vacate and surrender to Landlord the Leased Premises on or before the Termination Date in the condition required by Section 3 of this Agreement.

EXHIBIT H

# Candle Corporation of America
*Outlet Stores Division*

**Date:** July 24, 1996

**Project:** To relocate offices and personnel from the Hyannis Main Street location to the Yarmouth outlet site. The personnel relocated with this move from the Outlet Division are Connie Ippolito, Andrew Davison, Geoff Cowen, Linda Field and Mabel Mell. The three members of the sales team that will also be relocated are Joe Fahy, Sara Carbonier and Dan Marlow.

**Project Goal:** To vacate the current office space in Hyannis Gift Shop that have been deemed to be structurally unsuitable for habitation. Also, to accommodate the new POS system file server and central office system and to centralize and increase office space for the growing Outlet and Sales divisions.

**Scope of the Project:** The project consists of interior alterations to accommodate nine new offices and a conference room. Exterior alterations consist of bringing a roof line up to code.

**Project Costs:** The project will take place in several stages. The first stage is construction, the second is the phone system and the third is the computer system.

| | | |
|---|---|---:|
| **Stage #1:** | Construction including painting & finish work | $44,000.00 |
| | Electrical Work | $ 6,000.00 |
| | Heating and Air Conditioning | $10,000.00 |
| | Office Furniture | $ 8,000.00 |
| | **Total Cost Stage #1** | **$68,000.00** |
| **Stage #2** | **Phone System – Greenwich Phone system used** | **$26,000.00** |
| **Stage #3** | Computer system – 10 Microsoft Application Licenses ($450 each) $5000 | |
| | 2 Workstations ($2,200 each) $4,400 | |
| | EtherNet Hub $1,500 | |
| | Data Wiring $3,000 — POS | |
| | Printers (4 Printers at $300 each) $1,200 | |
| | Analog Lines Estimate $5,000 | |
| | Computer System Relocation Estimate = $20,000.00 | |

All wiring for POS will be done at the time of construction

| | |
|---|---:|
| **Total Cost** | **$114,000.00** |

CCA 00001