UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 05-11401-MLW

SENECA INSURANCE COMPANY as )
subrogee of SURFSIDE CONDOMINIUM )
ASSOCIATION, )
            )
    Plaintiff, )
            )
v.          )
            )
BROAN-NUTONE, LLC, )
            )
    Defendant. )

**DEFENDANT BROAN-NUTONE LLC'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS**

Broan-NuTone LLC ("Broan") moves pursuant to Fed. R. Civ. P. 37(a) and Local Rule 37.1(B) for an order compelling plaintiff Seneca Insurance Company ("Seneca") to produce answers to interrogatories and responses to requests for production of documents served upon it by Broan pursuant to Fed. R. Civ. P. 33 and 34.

In support of its Motion, Broan states:

1. On December 16, 2005, Broan served requests for production of documents on Seneca. A copy of these requests is attached as Exhibit 1.

2. On December 16, 2005, Broan served interrogatories on Seneca. A copy of these requests is attached as Exhibit 2.

3. Pursuant to Local Rule 37.1 and Fed. R. Civ. P. 37(a), Broan has made several good faith efforts to confer with Seneca's counsel to obtain

1

discovery responses without seeking court action. As of the date of this Motion, no discovery responses have been received from Seneca.

4. On July 31, 2006, Broan sent a request to Seneca for responses to discovery.

5. On August 15, 2006, counsel for Seneca reported that Seneca's responses to discovery requests would be served by the end of August 2006. No responses were received.

6. On September 7, 2006, counsel for both parties met to discuss the outstanding discovery, and again assurances were made that responses were forthcoming.

7. On November 22, 2006, Broan again requested responses to discovery requests, and counsel for both parties conferenced on November 27, 2006.

8. On November 29, 2006, counsel for Seneca reported that Broan's discovery requests had again been sent to the responsible person at Seneca, and that responses would be forthcoming by the end of December 2006.

9. On December 1, 2006, counsel for Broan confirmed in writing the parties' agreement not to file a motion to compel at that time, and that discovery responses would be served shortly by Seneca.

10. On January 24, 2007, discovery responses had still not been received from Seneca, and counsel for Broan made a final request for discovery responses.

11.  As of the date of this Motion, Seneca has failed to serve any responses to Broan's discovery requests.

For the foregoing reasons, Broan respectfully requests that the Court enter an order compelling the plaintiff Seneca Insurance to respond to discovery requests.

## Certificate of Compliance

Counsel for Broan-NuTone LLC hereby certifies that the provisions of Local Rule 37.1(b) have been complied with.

        Broan-NuTone LLC,
        by its attorneys,

        /s/ Christopher A. Duggan
        Christopher A. Duggan (BBO No. 544150)
        Tamara Lee Ricciardone (BBO No. 562203)
        SMITH & DUGGAN LLP
        Lincoln North
        55 Old Bedford Road
        Lincoln, MA 01773
        (617) 228-4400

Dated: January 24, 2007

Exhibit 1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

C.A. NUMBER: 05-11401-MLW

SENECA INSURANCE COMPANY
As Subrogee of Surfside Condominium
Association,

      Plaintiff,

v.

BROAN-NUTONE LLC,

      Defendant.

## REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF SENECA INSURANCE COMPANY

### DEFINITIONS

The phrase "the Fan" shall refer to the "ceiling/exhaust fan" identified in Plaintiff's Complaint.

The phrase "The Fire" shall refer to the fire of July 15, 2003 identified in Plaintiff's Complaint.

"Seneca" shall mean Seneca Insurance Company.

"Document" includes hard copy and electronic materials.

"Record" means any record regardless of how kept, including correspondence, notes, e-mails, documents kept in hard copy, discs, hard drive and/or electronic format.

### PRODUCTION

Production is to be made at the offices of Smith & Duggan LLP, Lincoln North, 55 Old Bedford Road, Lincoln, MA 01773 or at such other place as the parties may agree, in writing.

### REQUESTS

1. All documents relating to The Fire or its aftermath.

2. All records or documents relating to any investigation into The Fire conducted by Seneca, it investigators or its insureds.

3. All photographs, videotapes, diagrams, sketches or other depictions of:

    A. Any product, debris or other material present at the fire scene;

    B. Any product, debris or other material removed from the fire scene.

4. All records and documents which relate to any potential cause of The Fire.

5. All records relating to the installation and or maintenance of the Fan.

6. All documents reflecting any notice of The Fire given to Broan-NuTone LLC.

7. All records relating to, reflecting or constituting any report by any expert as to:

    A. The cause of the Fire;

    B. The design of the Fan;

    C. Plaintiff's allegation that the Fan caused a fire;

    D. Any proposed alternative design of the Fan.

8. Any report or document of any fire department, fire marshal or other public entity or agency relating to:

    A. The Fire;

    B. The Fan;

    C. The potential cause of The Fire.

9. Any drawings, plans or blueprints reflecting:

    A. The layout of the premises at 585 Main Street, West Yarmouth, MA;

    B. The construction of the premises at 585 Main Street, West Yarmouth, MA;

  C. Wiring of the Fan;

  D. Instructions and/or warnings relating to the use of the Fan.

10. All documents relating to or reflecting any damages claimed in this matter by Colonial Candle, Surfside Condominium Association, Dick Regent or Seneca.

11. All documents submitted to plaintiff by each of its insureds in support of the claims they submitted to plaintiff arising out of the Fire on which this suit is based.

12. All statements taken of plaintiff's insureds as part of the claims handling process which resulted in plaintiff making payments to its insureds arising out of the Fire on which this suit is based.

13. All correspondence to and from the plaintiff (or its attorneys) and its insureds (or their attorneys) relating to the Fire on which this suit is based, the claims of plaintiff's insureds or the decisions made by plaintiff relative to those claims. This request specifically excludes documents that are protected by attorney client privilege and the work product doctrines.

14. Originals or copies of all bills, invoices, estimates or statements, paid or unpaid, by any person or entity on account of the damages and expenses allegedly sustained or incurred as a result of The Fire.

15. All statements taken from anyone who was or claims to be a witness to the Fire or the events surrounding it.

16. Any and all statements, signed or unsigned, written or recorded, which were taken from or given by you and/or any agent, servant or employee of Seneca concerning the events as alleged in Plaintiff's Complaint.

17. Any and all correspondence between plaintiff and defendant, or any agent, servant or employee thereof, evidencing, concerning, or relating to the events as alleged in the Plaintiff's Complaint or any claim for damages which allegedly occurred on or around July 15, 2003.

18. Any and all correspondence between plaintiff and any entity or individual evidencing, concerning, or relating to the events as alleged in Plaintiff's Complaint or any claim for damages which allegedly occurred on or around July 15, 2003.

19. Any and all documents relating to any claim that the injuries and/or damages complained of in the Plaintiff's Complaint were caused by the negligence of any person or entity.

20. Any and all documents relating to any claim that the injuries and/or damages complained of in the Plaintiff's Complaint were caused by any breach of warranty of any person or entity.

21. Any and all written or other documentary evidence which tends to show that the conduct, by act or omission, of some third person or persons, caused or contributed to the incident which forms the subject matter of this Complaint including, but not limited to, any and all letters, complaints, pleadings, notices or other documents which refer to or reflect claims by the plaintiff against anyone other than the defendant identified in this litigation for compensation or damages as a result of the Fire.

22. The original or copy of the full and complete policy or policies of insurance, including declarations page, application, riders and endorsements, which may provide coverage for liabilities which may be incurred as a result of this lawsuit or have provided coverage to the plaintiff's subrogor.

23. All photographs, videotapes, sketches, diagrams, tables or drawings that relate in any way to the allegations of the Plaintiff's Complaint.

24. Any and all police, fire, or other governmental agency reports pertaining to the Fire.

25. Any and all reports submitted by experts whom the plaintiff intends to call at the trial of this action.

26. Copies of the resume and curriculum vitae of each person whom the plaintiff expects to call as an expert witness at the trial of this action.

27. Any and all documentary evidence which tends to exonerate or exculpate the defendant.

28. Any and all photographs, documentary or tangible evidence that the plaintiff intends to offer into evidence at the trial of this action.

29. All files, logs, memoranda, notes, work orders, correspondence or any other documents either maintained or received by any employee, manager or agent of the Surfside Condominium Association with respect to any electrical work performed by any party or entity at the Surfside Condominium Association from the time it was constructed to July 15, 2003.

30. All files, logs, memoranda, notes, work orders, correspondence or any other documents either maintained or received by any employee, manager or agent of the Surfside Condominium Association that relate to Broan-NuTone LLC, its corporate predecessors, and any products manufactured by Broan-NuTone LLC.

31. All reports, correspondence, claims materials or any other documents of any fire at the Surfside Condominium Association at any time.

32. All reports from independent testing laboratories or any other organizations of tests performed on the Broan-NuTone ceiling/exhaust fan which plaintiff alleges caused the Fire.

                                                Respectfully Submitted,
                                                BROAN-NUTONE LLC,
                                                By its attorneys,

                                                /s/ Christopher A. Duggan
                                                Christopher A. Duggan
                                                BBO No. 544150
                                                Tamara Lee Ricciardone
                                                BBO No. 562203
                                                SMITH & DUGGAN LLP
                                                Lincoln North
                                                55 Old Bedford Road
                                                Lincoln, MA 01773
                                                (617) 228-4400

Dated: December 16, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on this day I served by first class mail, postage prepaid, the documents listed below upon all parties as set forth below on this, the 16th day of December, 2005.

Document Served:

REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF SENECA INSURANCE COMPANY

Served:
Michael S. Field, Esq.
Field & Schultz
183 State Street
Boston, MA 02109

　　　　　　　　　　　　　　　　　　　　　　Christopher A. Duggan
　　　　　　　　　　　　　　　　　　　　　　BBO No. 544150

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Exhibit 2

C.A. NUMBER: 05-11401-MLW

SENECA INSURANCE COMPANY
As Subrogee of Surfside Condominium
Association,

       Plaintiff,

v.

BROAN-NUTONE LLC,

       Defendant.

## INTERROGATORIES OF BROAN-NUTONE LLC TO PLAINTIFF SENECA INSURANCE COMPANY

1. Set forth your name, business address, residential address, and position you hold with Seneca Insurance Company.

2. Identify by name and address the owner of Surfside Condominium Association, 585 Main Street, West Yarmouth, MA ("Surfside").

3. Identify each person whom Seneca Insurance Company ("Seneca") expects to call as an expert witness at trial. For each, state:

    A. the subject matter on which the expert is expected to testify;

    B. the substance of the facts and opinions to which the expert is expected to testify; and

    C. a summary of the grounds for each opinion.

4. Please describe fully:

    A. How Seneca claims the fire described in the Plaintiff's Complaint began;

  B. Every fact, act and document which supports Seneca's theory of the cause of the fire; and

  C. Any alternative cause investigated or considered by Seneca.

5. With regard to the ceiling/exhaust fan alleged to have been involved in the fire, please state:

  A. The name and address of the seller or retailer from whom the fan was purchased;

  B. When it was purchased and by whom;

  C. A description of all documents or other written material supplied with the fan when purchased;

  D. The name and address of each and every individual who installed the fan;

  E. The name of the company or business for whom the installers worked;

  F. Whether you know if the fan had been changed, repaired, or otherwise altered at any time from the date of purchase until the fire, and,

    (i) If your answer is "yes" to interrogatory 5F, please give a complete description of any and all changes, alterations or repairs; or

    (ii) If your answer to interrogatory 5F is "no" please describe fully all facts upon which you base that answer.

6. Please describe fully all facts, acts, documents and reasons upon which Seneca relied in making the allegations in the Plaintiff's Complaint that:

  A. The fire started in or near the ceiling/exhaust fan; and

  B. the ceiling/exhaust fan was the direct and proximate cause of the fire.

7. Please give the following dates:

  A. When the owners of Surfside and the property on which it is located learned about the fire;

  B. When Seneca learned about the fire;

  C. When Seneca learned the cause of the fire was a ceiling/exhaust fan.

  D. The date that anyone at Seneca gave notice of the fire to Broan-NuTone, along with a description of how that notice was given and by whom;

8. With respect to any material or debris removed from Surfside and its premises, please state:

  A. The name and address of the company and/or people responsible for removal;

  B. A full description of what was removed and when;

  C. All instructions given by Surfside, the property owners or Seneca as to the preservation of the material removed;

  D. The name and address of the person or company in custody or possession of any fire debris as of the date of answering these interrogatories and a description of all debris that is being held and preserved.

9. Identify by name and address each and every person who inspected or was present at the fire scene within 14 days of July 15, 2003.

10. With regard to the allegations in the Plaintiff's Complaint, please state:

  A. A complete description of how Seneca claims that Broan-NuTone was negligent;

  B. Precisely how the negligence you allege was the proximate cause of the fire;

  C. All facts, acts and documents upon which Seneca relies in the allegations in the Plaintiff's Complaint that Broan-NuTone negligently designed the ceiling/exhaust fan that was involved in the fire.

  D. Any feasible alternative design available to Broan-NuTone at the time of the manufacture of the ceiling/exhaust fan that would have avoided the fire in July 2003.

  E. All facts, acts and documents upon which Seneca relies in the allegation in the Plaintiff's Complaint that Broan-NuTone failed to properly manufacture the ceiling/exhaust fan;

      F.      Provide a list of the component parts that you claim were negligently manufactured and describe in complete detail the reasons for your conclusion that each component part you list was improperly manufactured;

      G.      All facts, acts and documents upon which Seneca relies in the allegation in the Plaintiff's Complaint that Broan-NuTone was negligent by placing into the stream of commerce a product that Broan-NuTone knew, or with reasonable care, should have known, was unreasonably dangerous; set forth specifically why Seneca contends the product was unreasonably dangerous; and state specifically which facts were available to Broan-NuTone when the product was sold that the product was unreasonably dangerous and unsafe;

      H.      All facts, acts and documents upon which Seneca relies in the allegation in its complaint that Broan-NuTone was negligent by failing to warn consumers that the ceiling/exhaust fan was unreasonably dangerous, including in your answer

           (i)      the warning that you claim would have been sufficient; and

           (ii)      how you claim the lack of the warning was related to the fire.

11.      With respect to the allegations raised the Plaintiff's Complaint, please set forth in full and complete detail all facts, acts and documents upon which Seneca relies in making these allegations:

      A.      Broan-NuTone breached its warranties because the product was unsafe, not of merchantable quality and unfit for its intended uses and purposes; and

      B.      Due notice was given to Broan-NuTone of its breaches of warranty.

12.      Please itemize in full and complete detail all damages allegedly sustained by Seneca and its insureds as a result of the fire.

13.      Please itemize all monies received from any source as a result of the fire by

      A.      Surfside;
      B.      Seneca;
      C.      Colonial Candle Company; or
      D.      Dick Regent.

14.      Identify by name and address all witnesses Seneca may call at trial.

15.  Identify all documents, diagrams, sketches, chalks, videotapes, real evidence or other evidence that Seneca may introduce at trial.

16.  Identify by name and address the persons or entities responsible for maintenance at Surfside or its premises from 1998 to the present.

17.  Identify by name, date and author each and every report possessed by Seneca relating to the fire. In lieu of a written response, you may attach a copy of each report to your answers.

Respectfully Submitted,
BROAN-NUTONE LLC,
By its attorneys,

Christopher A. Duggan
BBO No. 544150
Tamara Lee Ricciardone
BBO No. 562203
SMITH & DUGGAN LLP
Lincoln North
55 Old Bedford Road
Lincoln, MA 01773
(617) 228-4400

Dated: December 16, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on this day I served by first class mail, postage prepaid, the documents listed below upon all parties as set forth below on this, the 16th day of December, 2005.

<u>Document Served:</u>

INTERROGATORIES OF BROAN-NUTONE LLC TO PLAINTIFF SENECA INSURANCE COMPANY

<u>Served:</u>
Michael S. Field, Esq.
Field & Schultz
183 State Street
Boston, MA 02109

Christopher A. Duggan
BBO No. 544150