UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NUMBER: 05-11401-MLW

SENECA INSURANCE COMPANY
As Subrogee of Surfside Condominium
Association,

        Plaintiff,

v.

BROAN-NUTONE LLC,

        Defendant.

**DEFENDANT BROAN-NUTONE LLC'S MOTION FOR
SUMMARY JUDGMENT AND
REQUEST FOR ORAL ARGUMENT**

    The defendant Broan-NuTone LLC (Broan) moves pursuant to Federal Rule of Civil Procedure 56(b) for summary judgment on the grounds that there is no genuine dispute of material fact and Broan is entitled to judgment as a matter of law.

    This is a products liability case arising out of a fire at the Surfside Condominium Association ("Surfside"). Plaintiff Seneca Insurance Company, the subrogation insurer, claims that the fire was caused by a bathroom exhaust fan, Model No. 657, manufactured by Broan-NuTone and installed around 1997. The plaintiff is claiming $197,244.59 in damages.

    First, the plaintiff has failed to disclose any reliable, expert opinion to support its claims that Broan was negligent in its design and manufacture of the exhaust fan, or that Broan breached any warranties.

1

Second, the insurance company bringing this lawsuit is a sophisticated litigant that knew, or should have known, within a few days after the fire that there was a potential subrogation claim against Broan. However, the plaintiff waited over one year, and only after the fire scene had been reclaimed, to notify Broan of the potential claims. Broan did not have the opportunity to investigate the fire scene, trace the wiring, or inspect any other potential sources for the fire in order to prepare its defense. As a result, Broan has been prejudiced and judgment should enter for Broan on the plaintiff's breach of warranty claims.

Third, the plaintiff has brought a claim against Broan under the theory of strict liability, a cause of action that is not recognized in Massachusetts. Therefore, judgment should enter for Broan on the plaintiff's strict liability claims.

For these reasons and those set forth in the attached Transmittal Affidavit of Christopher A. Duggan, Broan's accompanying Memorandum of Law and Local Rule 56.1 Statement of Undisputed Material Facts, and the Affidavit of Eliot Duncan, summary judgment in Broan's favor should be allowed.

## REQUEST FOR ORAL ARGUMENT

Broan respectfully requests oral argument on its motion.

Respectfully submitted,
BROAN-NUTONE LLC,
By its attorneys,

/s/ Christopher A. Duggan
Christopher A. Duggan
BBO No. 544150
SMITH & DUGGAN LLP
Lincoln North
55 Old Bedford Road
Lincoln, MA 01773-1125
(617) 228-4400

## CERTIFICATE OF SERVICE

    The undersigned certifies service of the foregoing on February 6, 2007 in accordance with Federal Rule of Civil Procedure 5(b)(2) and United States District Court for the District of Massachusetts Electronic Case Filing Administrative Procedure § E(2) as to all parties, having appeared in this action through counsel admitted to practice before this Court, identified by the Clerk as receiving Notice of Electronic Filing.

Counsel for Defendant BROAN-NUTONE LLC,

                                        /s/ Christopher A. Duggan
                                        Christopher A. Duggan
                                        BBO No. 544150
                                        SMITH & DUGGAN LLP
                                        Lincoln North
                                        55 Old Bedford Road
                                        Lincoln, MA 01773-1125
                                        (617) 228-4400

Dated: February 6, 2007