UNITED STATES DISTRICT COURT
COMMONWEALTH OF MASSACHUSETTS

C.A. NUMBER: 05-11401-MLW

|   |   |
|---|---|
| SENECA INSURANCE COMPANY<br>As Subrogee of Surfside Condominium Association,<br>　　　　　　　Plaintiff,<br><br>v.<br><br>BROAN-NUTONE LLC,<br><br>　　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT BROAN-NUTONE LLC'S MOTION FOR SUMMARY JUDGMENT; MOTION FOR AN ORDER OF VOLUNTARY DISMISSAL UPON SUCH TERMS AND CONDITIONS AS THE COURT DEEMS PROPER; MEMORANDUM OF REASONS IN SUPPORT OF SAID MOTIONS; AND REQUEST FOR ORAL ARGUMENT**

Now comes the Plaintiff in the above captioned matter, Seneca Insurance Company ("Plaintiff"), who files this motion to strike the Defendant's motion for summary judgment. The Plaintiff further moves this Honorable Court pursuant to Fed.R.Civ.P. 41(a)(2) for an order of voluntary dismissal of the above caption matter "upon terms and conditions as this Court deems proper." The Plaintiff states that it has good cause for such request, and assigns as its reasons therefor the following:

1.　　This case is the result of a fire which occurred on or about December 15, 2003 at 585 Main Street, Yarmouth, Massachusetts (the "Premises").

2.　　The Plaintiff has brought claims against the Defendant Broan-Nutone, LLC ("Broan"), a manufacturer of ceiling fan/light fixtures, alleging among other things

that the Defendant's ceiling fan/light fixture (the "fan unit") located on the Premises caused the fire at issue in this case.

3.   As a result of discovery, the Plaintiff determined that its claims against Broan-Nutone, LLC should be dismissed.  The Plaintiff further believes that a third party, a tenant occupying the Premises at the time of the fire who is not a Defendant in this matter, is responsible for the fire.

4.   In order to preserve its claims against the party which the Plaintiff believes is responsible for the fire at issue, the Plaintiff commenced a separate action in the United States District Court for the District of Massachusetts, Seneca Insurance Company v. Blyth, Inc. et al., civil docket number 1:06-cv-12244, alleging, among other things, that the fire was caused by the negligence of the tenant which leased the premises where the fire occurred.

5.   After the completion of fact discovery, Plaintiff's counsel informed Defendant's counsel that the Plaintiff had instructed Plaintiff's counsel to file a Stipulation of Dismissal of this action against Broan.

6.   On or about January 31, 2007, Defendant's counsel filed with the Court a consented to "Joint Motion to Continue Scheduling Conference" which contained the following provision:

> As grounds, the parties state that they have tentatively agreed to a resolution dismissing the case against Broan-Nutone, LLC, pending agreement, if possible, on the form of the Stipulation of Dismissal.  The parties need this additional time to allow each counsel to consult with their respective clients to obtain approval of the form of Dismissal.

7.  Said joint motion also contained the following provision: "If agreement is not reached by February 14, 2007, the parties shall so inform the Court."

8.  Also on or about January 31, 2007, this Honorable Court (Bowler, J.) allowed the Joint Motion to Continue Scheduling Conference.

9.  Prior to filing the joint motion Counsel disagreed on whether the Stipulation of Dismissal should provide "with prejudice" or "without prejudice". Although the Plaintiff was willing to file a Stipulation of Dismissal which would waive any and all claims the Plaintiff may have against Broan relating to the fire at issue in this case, the Plaintiff believes that by filing a Stipulation of Dismissal "with prejudice" the tenant's ability to defend in the other action before this Court may be adversely affected; and the tenant may claim that the Plaintiff has caused such prejudice by stipulating to dismiss this case "with prejudice."

10. In early February, the parties still had not agreed on the form of the stipulation of dismissal and Plaintiff's counsel had difficulty contacting the Plaintiff's Vice President of Claims, Mel Funk, to whom Plaintiff's counsel had been reporting in connection with this matter. Mr. Funk was on sick leave and would not return until February 21, 2007.

11. On or about February 6, 2007, Defense counsel filed a motion for summary judgment in this matter, which in effect seeks to dismiss the Plaintiff's claims against the Defendant *with prejudice*.

12. On February 20, 2007, Plaintiff's counsel attempted to confer with Defendant's counsel, Christopher Duggan,[1] in an effort to resolve the stipulation of

---

[1] Plaintiff's counsel has been working primarily with attorney Duggan with respect to this case, although an associate attorney, Tamara L Ricciardone, also represents the Defendant in connection with this matter.

3

dismissal issue and the pending summary judgment motion, but attorney Duggan was out of the state on other business. That same day Plaintiff's counsel and Defendant's counsel, Tamara L. Ricciardone, filed a joint motion to extend the time for Plaintiff to file an opposition to Defendant's motion for summary judgment. This motion was filed primarily so Plaintiff's counsel could confer with attorney Duggan regarding the stipulation of dismissal, the summary judgment motion and the possibility of Plaintiff's counsel filing the within motions.

13. Subsequently, Plaintiff's counsel spoke to several officers from Plaintiff's company concerning the dismissal of this case and the prosecution of the case against the tenant. As a result of these conversations, the Plaintiff has agreed not to pursue any claims against Broan and to stipulate to dismiss this case. The Plaintiff has further instructed Plaintiff's counsel not to do anything which might adversely effect or prejudice its claims against the tenant.

14. Subsequently, Plaintiff's counsel conferred with attorney Duggan. The parties could not reach a resolution with respect to the stipulation of dismissal and the pending summary judgment motion, prompting the filing of the within motions.

15. Plaintiff contends it is unfair for Defense counsel to file a motion for summary judgment after receiving notice from Plaintiff of its intention to dismiss the case; and that the Defendant knows full well that the Plaintiff is not willing to expend the resources necessary to oppose the summary judgment motion on its merits.

16. In further support of the within motions, Plaintiff files an Affidavit of Counsel together with a Certification Pursuant to LR 7.1 (a)(2).

## REQUEST FOR ORAL ARGUMENT

The Plaintiff Seneca Insurance Company requests oral argument on the within motion.

WHEREFORE, the Plaintiff requests that this Honorable Court strike the Defendant's Motion for Summary Judgment and enter an order of voluntary dismissal upon terms and conditions that it deems just, in accordance with Fed.R.Civ.P.41(a)(2).

Dated: March 2, 2007

                Respectfully submitted by,
                SENECA INSURANCE COMPANY,
                Plaintiff


                By: /s/ Michael S. Field
                Michael S. Field, Esq. – BBO #164600
                Field & Schultz
                183 State Street, 2nd Floor
                Boston, MA 02109
                (617) 723-3900

CERTIFICATE OF SERVICE

    I, Michael S. Field, attorney for the Plaintiff, do hereby certify, this 2nd day of March 2007, that a true copy of the foregoing document was served upon the attorney of record for each other party, by electronic means via the Court's electronic filing system.
.

    /s/ Michael S. Field
    Michael S. Field

UNITED STATES DISTRICT COURT
COMMONWEALTH OF MASSACHUSETTS

C.A. NUMBER: 05-11401-MLW

|  |  |
|---|---|
| SENECA INSURANCE COMPANY<br>As Subrogee of Surfside Condominium Association,<br>　　　　　　　　Plaintiff,<br><br>v.<br><br>BROAN-NUTONE LLC,<br><br>　　　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**AFFIDAVIT IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF PLAINTIFF'S MOTION FOR ORDER OF VOLUNTARY DISMISSAL**

1. My name is Michael S. Field, I am counsel for the Plaintiff in this matter, and I am duly admitted to the bar of the Commonwealth of Massachusetts and to this Court. I am in good standing.

2. As a result of discovery, the Plaintiff determined that its claims against the Defendant, Broan-Nutone, LLC ("Broan"), the manufacturer of a fan/light unit, should be dismissed. The Plaintiff further believes that a tenant in the building where the fire occurred is responsible for the fire. The tenant is not a Defendant in this case.

3. In order to preserve its claims against the tenant, the Plaintiff commenced a separate action in the United States District Court for the District of Massachusetts, Seneca Insurance Company v. Blyth, Inc. et al., civil docket number 1:06-cv-12244, alleging, among other things, that the fire was caused by the negligence of the tenant which leased the premises where the fire occurred.

4. As a result, I, counsel to the Plaintiff, informed Christopher Duggan, counsel to the Defendant, in a telephone conversation and an e-mail on or about January 29, 2007 that the Plaintiff had instructed Plaintiff's counsel to file a stipulation of dismissal of this action as to the Defendant, Broan.

5. On or about January 31, 2007, Defendant's counsel filed with the Court a consented to "Joint Motion to Continue Scheduling Conference," pending agreement on the form of stipulation of dismissal. That same day, this Honorable Court (Bowler, J.) granted said joint motion.

6. Both myself, and defense counsel, Christopher Duggan, were in disagreement as to whether the Stipulation of Dismissal should provide the term "with prejudice" or "without prejudice." Although the Plaintiff had instructed this office to dismiss its claims against Broan and was willing to forego any claims that it may have against Broan relating to the fire, I was concerned that dismissing the Plaintiff's claims against Broan "with prejudice" may have a prejudicial affect on the tenant who is not a party to this case. I advised and discussed with Defense counsel this concern during at least two telephone conversations.

7. In early February, the parties still had not agreed on the form of the stipulation of dismissal and I was having difficulty contacting and discussing this matter with the Plaintiff's Vice President of Claims, Mel Funk, to whom I had recently been reporting. On information and belief, Mr. Funk was on sick leave and would not be returning to his office until February 21, 2007.

8. On or about February 6, 2007, defense counsel filed a Motion for Summary Judgment, certain affidavits and additional papers in support thereof. The Defendant's Summary Judgment Motion in effect seeks to dismiss the Plaintiff's claims *with prejudice*.

9. On February 20, 2007, I attempted to contact Defendant's counsel, Christopher Duggan, in an effort to resolve the stipulation of dismissal issue and the pending summary judgment motion, but I was informed by Defendant's counsel, Tamara L. Ricciardone, that attorney Duggan was in North Carolina on other matters. Attorney Ricciardone and I discussed the unresolved issues, but agreed that the time for the Plaintiff to file an opposition to the Defendant's Summary Judgment Motion should be extended an additional ten (10) days. My office prepared a joint motion to extend the time for Plaintiff to file an opposition to Defendant's summary judgment motion, which was forwarded to Attorney Ricciardone and filed by her office.

10. Subsequently, I spoke to several officers at Seneca Insurance concerning the dismissal of this case and the prosecution of the case against the tenant. As a result of these conversations, the Plaintiff has agreed not to pursue any claims against Broan and to stipulate to dismiss this case. My client has further instructed me not to do anything which might adversely effect or prejudice its claims against the tenant.

11. Subsequently, attorney Duggan and I conferred regarding the issue surrounding the stipulation of dismissal and the pending summary judgment motion but could not reach a resolution to these issues, prompting the filing of the motions which accompany this affidavit.

Signed under the pains and penalties of perjury this 2nd day of March, 2007.

/s/ *Michael S. Field*_____
Michael S. Field, Esq. – BBO #164600
Field & Schultz
183 State Street, 2nd Floor
Boston, MA 02109
(617) 723-3900

4

## CERTIFICATE OF SERVICE

      I, Michael S. Field, attorney for the Plaintiff, do hereby certify, this 2nd day of March 2007, that a true copy of the foregoing document was served upon the attorney of record for each other party, by electronic means via the Court's electronic filing system.
.

                                    /s/ Michael S. Field
                                    Michael S. Field

UNITED STATES DISTRICT COURT
COMMONWEALTH OF MASSACHUSETTS

C.A. NUMBER: 05-11401-MLW

|  |  |
|---|---|
| SENECA INSURANCE COMPANY<br>As Subrogee of Surfside Condominium<br>Association,<br>     Plaintiff,<br><br>v.<br><br>BROAN-NUTONE LLC,<br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF SENECA INSURANCE COMPANY'S
CERTIFICATION PURSUANT TO LR 7.1 (a)(2)**

  I, Michael S. Field, attorney for the Plaintiff, Seneca Insurance Company, do hereby certify that I have conferred with counsel for the Defendant Broan-Nutone, LLC in accordance with LR 7.1 (a)(2), prior to filing the accompanying *Plaintiff's Motion to Strike Defendant Broan-Nutone LLC's Motion for Summary Judgment and Motion for an Order of Voluntary Dismissal upon such Terms and Conditions as the Court Deems Proper.*

Dated: March 2, 2007

                Respectfully submitted by,
                SENECA INSURANCE COMPANY,
                Plaintiff


                By: /s/ Michael S. Field
                Michael S. Field, Esq. – BBO #164600
                Field & Schultz
                183 State Street, 2nd Floor
                Boston, MA 02109
                (617) 723-3900

2

CERTIFICATE OF SERVICE

      I, Michael S. Field, attorney for the Plaintiff, do hereby certify, this 2nd day of March 2007, that a true copy of the foregoing document was served upon the attorney of record for each other party, by electronic means via the Court's electronic filing system.
.

      /s/ Michael S. Field
      Michael S. Field

2