UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NUMBER: 05-11401-MLW

SENECA INSURANCE COMPANY
As Subrogee of Surfside Condominium
Association,

        Plaintiff,

v.

BROAN-NUTONE LLC,

        Defendant.

**BROAN-NUTONE LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE MOTION FOR SUMMARY JUDGMENT AND REQUEST FOR ORAL ARGUMENT**

The defendant Broan-NuTone LLC (Broan) opposes Plaintiff Seneca Insurance Company's Motion to Strike Broan-NuTone LLC's Motion for Summary Judgment. The substance of Broan's underlying motion is sound and, indeed, unopposed: Seneca has no evidence, expert or otherwise, that Broan's product was defective. Nor does it have any evidence that the product caused the fire. Without expert testimony on these issues, Seneca's case must fail and Broan is entitled to judgment. As further grounds for its opposition, Broan states:

    1.     This is a products liability case arising out of a fire at the Surfside Condominium Association in West Yarmouth, Massachusetts. The fire occurred on December 15, 2003. Plaintiff Seneca Insurance Company, the subrogation insurer, filed a complaint in March 2005, alleging that the fire was caused by a bathroom exhaust fan,

1

Model No. 657, manufactured by Broan-NuTone and installed around 1997. The plaintiff claimed $197,244.59 in damages.

2. Seneca Insurance Company is a sophisticated litigant that knew, or should have known, within a few days after the fire that there was a potential subrogation claim against Broan. However, Seneca waited over one year, and only after the fire scene had been reclaimed, to notify Broan of the potential claims. Broan did not have the opportunity to investigate the fire scene, trace the wiring, or inspect any other potential sources for the fire in order to prepare its defense. As a result, Broan was prejudiced and is now entitled to summary judgment on the plaintiff's breach of warranty claims.

3. Because of Seneca's failure to promptly notify Broan of the fire, Broan incurred significant expense in conducting discovery, locating potential witnesses, and securing out-of-state witnesses to establish a defense to the claims brought by Seneca.

3. In the nearly two years since the plaintiff first filed a complaint against Broan, Seneca has failed to disclose any reliable, expert opinion to support its claims that Broan was negligent in its design and manufacture of the exhaust fan, or that Broan breached any warranties.

4. In fact, despite two extensions of the discovery deadline, Seneca failed to produce a witness in response to a Rule 30(b)(6) deposition notice, or to answer interrogatories or respond to requests for production served by Broan on December 16, 2005. Broan filed a motion to compel responses to these discovery requests on January 24, 2007.

5. Following receipt of the motion to compel, counsel for Seneca informed counsel for Broan that it would be dismissing its claims against Broan voluntarily. There

was disagreement between the parties regarding the form of the dismissal. Broan maintains that the dismissal must be *with prejudice* as the plaintiff admittedly has no evidence or expert testimony to support its claims. Counsel for Seneca indicated that he would confer with his client regarding the form of the dismissal.

6.  In subsequent conversations between counsel, it became evident that Seneca would not agree to dismiss its case with prejudice, and therefore, Broan filed a motion for summary judgment on all counts. That motion is currently before the Court.

7.  Seneca now claims that the filing of the summary judgment motion was "unfair" because Broan knew that Seneca intended to dismiss its claims, and has moved to strike the summary judgment motion.

8.  Broan opposes this motion to strike. Broan has been forced to incur significant expenses and attorneys' fees in establishing a defense to Seneca's claims. Now that Seneca, who failed to respond to discovery, failed to designate a witness in response to a Rule 30(b)(6) deposition notice, and failed to disclose any experts to support its claims, has determined that it cannot prove a case against NuTone, it nonetheless wishes to dismiss *without prejudice*, believing apparently that this will assist in its claims against a tenant in a companion case that is still pending.

9.  There is no dispute that now, more than three years after the fire, and after the close of discovery, Seneca still has been unable to find any expert to offer an adverse opinion as to the design of the Broan fan. Nor has it produced any expert to testify that the fan caused the fire. In the absence of this minimal evidentiary threshold, Broan is entitled to a summary judgment.

10. There is nothing unfair about the relief Broan seeks. Rather, having foisted two years of attorneys' fees and costs on Broan without any expert evidence to support its case, Seneca now asks this Court to allow the matter to remain open, leaving Broan potentially exposed to continued expenses in the second case Seneca has filed. It will be unfair to Broan if it is denied the finality of a judgment to which both parties agree it is entitled.

For these reasons, Broan respectfully requests that this Court deny plaintiff's motion to strike and enter a dismissal *with prejudice*, or enter judgment in favor of Broan for the reasons set forth in Broan-NuTone LLC's Motion for Summary Judgment and the supporting documents.

## REQUEST FOR ORAL ARGUMENT

Broan respectfully requests oral argument on its opposition.

> Respectfully submitted,
> BROAN-NUTONE LLC,
> By its attorneys,
>
> /s/ Christopher A. Duggan
> Christopher A. Duggan
> BBO No. 544150
> SMITH & DUGGAN LLP
> Lincoln North
> 55 Old Bedford Road
> Lincoln, MA 01773-1125
> (617) 228-4400

## CERTIFICATE OF SERVICE

The undersigned certifies service of the foregoing on March 16, 2007 in accordance with Federal Rule of Civil Procedure 5(b)(2) and United States District Court for the District of Massachusetts Electronic Case Filing Administrative Procedure § E(2) as to all parties, having appeared in this action through counsel admitted to practice before this Court, identified by the Clerk as receiving Notice of Electronic Filing.

Counsel for Defendant BROAN-NUTONE LLC,

/s/ Christopher A. Duggan
Christopher A. Duggan
BBO No. 544150
SMITH & DUGGAN LLP
Lincoln North
55 Old Bedford Road
Lincoln, MA  01773-1125
(617) 228-4400

Dated: March 16, 2007